## STATE *vs.* SAMUEL BARRETT.

*Criminal Law— Using Female Child for Sexual Intercourse— What State must Prove—Evidence—Letters; Received in regular Course of Mail — Handwriting — Witness; — Credibility of.*

1. In a trial for using a female child for the purpose of sexual intercourse, the prosecuting witness cannot be asked in cross-examination whether she had brought a charge against the defendant for assault and battery. Such a question is inadmissible on the ground of immateriality. For the same reason she cannot be asked if her father induced her to bring the charge upon which the defendant is being tried.

2. Letters having the name of the prosecuting witness appended to them, alleged by the defendant to be in her handwriting, and received by him in the regular course of mail were offered in evidence, and objected to because there was no satisfactory evidence that they were in the handwriting of the prosecuting witness. Held admissible, it appearing that the defendant had previously received notes directly from the prosecuting witness, and in that way became familiar enough with her handwriting to testify that the letters were hers.

3. Under an indictment for using a female child for sexual intercourse it is immaterial whether such intercourse is procured by persuasion or by violence, with the consent or without the consent of the female child. The State must prove that the child was under eighteen years of age, and was used by the defendant for the purpose of sexual intercourse.

(*October 28, 1904.*)

LORE, C. J., and GRUBB, J., sitting.

*Herbert H. Ward,* Attorney-General, for the State.

*Cornelius Frear* and *James M. Satterfield* for the defendant.

Court of General Sessions, Kent County, October Term, 1904.

The prisoner, a colored man, was indicted at this term charged with taking and using a female child (colored) for the purpose of sexual intercourse. At the trial the prosecuting witness, Margaret Williams, was asked in cross-examination by counsel for defendant the following questions:

X. Did you bring a charge against Samuel Barrett for assault and battery, for choking you and beating you ?

(Objected to by the Attorney-General as immaterial.)

GRUBB, J. :—The question is inadmissible on the ground of immateriality.

X. Did your father have you bring this charge?

(Objected to by the Attorney-General as immaterial.  Counsel for the prisoner stated that they wished to show the unfriendly relations existing between the father of the prosecuting witness and the prisoner, and that the father induced the former to bring the charge; that such testimony was proper as affecting the credibility of the witness.)

GRUBB, J. :—The question is inadmissible.

(The counsel for the prisoner offered in evidence certain letters having the name of the prosecuting witness appended to them, alleged by the prisoner to be in the handwriting of the prosecuting witness and received by him in the regular course of mail; said letters stating that the prisoner had not committed the act with which he was charged, and that her father had compelled her to make the charge against the prisoner.  The prosecuting witness denied that said letters were in her handwriting but stated that the writing resembled that of the cousin of the prisoner.)

(The admission of said letters was objected to by the Attorney-General on the ground that there was no satisfactory evidence that the same were in the handwriting of the prosecuting witness, she having denied that they were in her handwriting and the prisoner not being an expert who could give an opinion, and therefore his opinion upon the matter was worthless.)

GRUBB, J.:—It is in evidence before us, by the prisoner's testimony, that the prosecuting witness handed the prisoner previous to the receipt of the letters in question, two notes which he says he destroyed. Of course, handwriting may be proven in at least two ways : *first*, by his having seen her write, and thereby becoming familiar with her handwriting, and *secondly*, by his having received correspondence in her handwriting from her, whereby he became familiar with her writing. He has testified that he had, prior to this occurrence, received four notes from her. Two were sent by her through others and two delivered by herself. At the present stage we will take it as if it were true that he did receive two notes directly from her and in that way became familiar enough with her handwriting to testify to these as being her letters, for the purpose of admitting them before the jury ; leaving it for the jury to determine, after hearing all the evidence in the case on both sides, whether they are really her letters or not.

GRUBB, J., charging the jury :

Gentlemen of the jury:—In this indictment Samuel Barrett is charged with the crime of unlawfully using Margaret Williams for the purpose of sexual intercourse, she, at the time, being under the age of eighteen years.

This indictment is drawn under *Chapter 686, Volume 18, Laws of Delaware,* as amended, entitled, "An Act for the Better Protection of Female Children." This act is founded upon public policy and is designed for the protection of the chastity and morality of youthful females ; and therefore we instruct you that where sexual intercourse is had with a female under the age of 18 years, it is immaterial whether such intercourse is procured by persuasion or by violence, with the consent or without the consent of the said female. Her consent would be no defense to the charge under this act.

Under this indictment it is necessary for the State to satisfy you beyond a reasonable doubt that the accused, Samuel Barrett,

used the said Mary Williams for the purpose of sexual intercourse. In order to find a verdict against him, you must be satisfied, *first*, that she was a female under the age of eighteen years, and, *second*, that being such he used her for the purpose of sexual intercourse and that this was done within Kent County. You have heard the evidence upon each of these essential elements of this crime; you have seen the witnesses produced before you; you have had an opportunity to observe the appearance of each and all of them and the manner in which each has given the testimony in the case. You have had the opportunity to consider the respective interest or want of interest which each witness has in this case, the respective bias or impartiality which each witness has in the case, and the opportunity and capability of each for observing, recollecting and truthfully relating the circumstances of this case. Now it is for the jury to determine, under the law as we have given it to you, and after a careful and conscientious consideration of all the testimony and the comparative reliability of each witness, whether or not the accused, Samuel Barrett, is guilty of the offense with which he stands charged under this indictment.

We will say to you that each accused person is presumed to be innocent of the crime charged until it is proven beyond a reasonable doubt, to the satisfaction of the jury; and by a reasonable doubt is not meant a vague, fanciful or merely possible doubt, but such a substantial doubt as intelligent, reasonable and impartial jurors may honestly and justly entertain after a careful examination and conscientious consideration of all the evidence.

The case is now submitted to you for your verdict.

Verdict, guilty.